BOOKOUT, Judge.
The petitioner has filed in this court an original, pro se petition for writ of mandamus to be directed to B. W. Hatfield, whom he describes as “Captain of the Guard” of the Fountain Correctional Center, and to the Alabama Board of Corrections to dismiss a disciplinary charge against the petitioner for a violation of certain prison rules. This case would ordinarily not warrant an opinion from this court. However, we have received innumerable petitions over the past few years requesting this court to intervene in all types of prison disciplinary proceedings, computation of sentences, and computation of good time. So that there will be no confusion in the minds of those prisoners who obviously read and carefully study the opinions of this court, we deem it proper at this time to set forth in opinion form the law governing our refusal to review such petitions.
The jurisdiction of the Court of Criminal Appeals is established by Article VI, Amendment No. 328, Constitution of Ala *1018 bama 1901, commonly known as the Judicial Article. Section 6.03(d) sets out the jurisdiction of this court in pertinent part as follows:
“The court of criminal appeals shall have and exercise original jurisdiction in the issuance and determination of writs of quo warranto and mandamus in relation to matters in which said court has appellate jurisdiction. Said court shall have authority to issue writs of injunction, habeas corpus and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it and in matters over which it has exclusive appellate jurisdiction . . . .” (Emphasis supplied.)
The corresponding provision of the Judicial Implementation Act, now codified as § 12-3-11, Code of Ala.1975, states in pertinent part as follows:
“Each of the courts of appeals shall have and exercise original jurisdiction in the issuance and determination of writs of quo warranto and mandamus in relation to matters in which said court has appellate jurisdiction. Each court shall have authority to grant injunctions and issue writs of habeas corpus and such other remedial and original writs as are necessary to give it a general superintendence and control of jurisdiction inferior to it and in matters over which it has exclusive appellate jurisdiction . . .”
Neither the Constitution nor any statute gives this court appellate jurisdiction over the State Board of Corrections. No statute authorizes an appeal to this court from any administrative hearing conducted by the Board of Corrections or by its agents under its authority. Our authority to issue remedial and original writs is limited to the necessity of this court to exercise its general superintendence and control over inferior courts on matters over which we have exclusive appellate jurisdiction. See: Tetter v. State, Ala., 358 So.2d 1046 (1978).
The jurisdiction of this court to issue original writs of mandamus is limited by the above constitutional and statutory provisions “to matters in which said court has appellate jurisdiction.” Therefore, having no appellate jurisdiction over administrative hearings conducted by a state agency, we can exercise no original jurisdiction in issuing writs of mandamus directed to such agencies. This court, therefore, lacks jurisdiction to consider the instant petition.
PETITION DISMISSED.
All the Judges concur.